# EXHIBIT A

Filing # 234886617 E-Filed 10/31/2025 12:22:09 PM

# In the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida

Case No.: CACE-25-016192

Plaintiff:

DATE: 11-8-25  11:28 AM
HOUR: 11:28
DEPUTY:

**STEVEN HELFAND, PRO SE** *Primary Address for Service:* SHAC - Attn: Guest Steven Helfand (Bunk 2) 2056 Scott Street Hollywood, Florida 33020 *Contact:* Newimage2025z@icloud.com / 754-257-8945 / 786-580-6821

-vs-

Defendant: **CITIGROUP INC.**, a New York corporation doing business as a charter national association bank

*Address for Service (Registered Agent):* C T Corporation System, at 1200 South Pine Island Road, Plantation, FL 33324

**THE STATE OF FLORIDA**

**TO THE DEFENDANT, CITIGROUP INC., a New York corporation doing business as a charter national association bank**

**YOU ARE HEREBY NOTIFIED** that an action has been commenced against you in this court by the above-named Plaintiff(s) to recover upon the claim(s) detailed in the Complaint, a copy of which is attached to this summons.

You are required to serve a copy of your written defenses, if any, to it on the Plaintiff, whose name and address are: **STEVEN HELFAND, PRO SE, 2056 Scott Street, Hollywood, Florida 33020**, and file the original of the defenses with the Clerk of this Court, which is located at:
**Broward County Clerk of Court - Main Office** 540 SE 3rd Avenue, Midrise Building, 2nd Floor Fort Lauderdale, FL 33301

within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to serve or file your defenses or a motion to dismiss, a default will be entered against you for the relief demanded in the Complaint.

DATED on: _____ NOV 04 2025

**(OFFICIAL CLERK SEAL)**
**BRENDA FORMAN** *Clerk of the Circuit Court* Broward County, Florida
By: Deputy Clerk

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/31/2025 12:22:09 PM.****

# In the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida

**Case No.:** CACE-25-016192

**Plaintiff:**

**STEVEN HELFAND, PRO SE** *Primary Address for Service:* SHAC - Attn: Guest Steven Helfand (Bunk 2) 2056 Scott Street Hollywood, Florida 33020 *Contact:* Newimage2025z@icloud.com / 754-257-8945 / 786-580-6821

-vs-

**Defendant: CITIBANK, N.A.**

*Address for Service (Registered Agent):* C T Corporation System, at 1200 South Pine Island Road, Plantation, FL 33324

**THE STATE OF FLORIDA**

**TO THE DEFENDANT, CITIBANK, N.A.**

**YOU ARE HEREBY NOTIFIED** that an action has been commenced against you in this court by the above-named Plaintiff(s) to recover upon the claim(s) detailed in the Complaint, a copy of which is attached to this summons.

You are required to serve a copy of your written defenses, if any, to it on the Plaintiff, whose name and address are: **STEVEN HELFAND, PRO SE, 2056 Scott Street, Hollywood, Florida 33020**, and file the original of the defenses with the Clerk of this Court, which is located at:
**Broward County Clerk of Court - Main Office** 540 SE 3rd Avenue, Midrise Building, 2nd Floor Fort Lauderdale, FL 33301

within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to serve or file your defenses or a motion to dismiss, a default will be entered against you for the relief demanded in the Complaint.

DATED on: _____ NOV 04 2025 _____, 2025

**(OFFICIAL CLERK SEAL)**
**BRENDA FORMAN** *Clerk of the Circuit Court* Broward County, Florida
By: Deputy Clerk

**BRENDA D. FORMAN**

Filing # 234886617 E-Filed 10/31/2025 12:22:09 PM

# In the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida

Case No.: CACE-25-016192

**Plaintiff:**

**STEVEN HELFAND, PRO SE** *Primary Address for Service:* SHAC - Attn: Guest Steven Helfand (Bunk 2) 2056 Scott Street Hollywood, Florida 33020 *Contact:* Newimage2025z@icloud.com / 754-257-8945 / 786-580-6821

-vs-

**Defendant: MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation**

*Address for Service (Registered Agent):* **MIDLAND FUNDING LLC., at 13008 TELECOM DRIVE STE 350, TAMPA, FL 33637**

**THE STATE OF FLORIDA**

**TO THE DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation**

**YOU ARE HEREBY NOTIFIED** that an action has been commenced against you in this court by the above-named Plaintiff(s) to recover upon the claim(s) detailed in the Complaint, a copy of which is attached to this summons.

You are required to serve a copy of your written defenses, if any, to it on the Plaintiff, whose name and address are: **STEVEN HELFAND, PRO SE, 2056 Scott Street, Hollywood, Florida 33020**, and file the original of the defenses with the Clerk of this Court, which is located at:
**Broward County Clerk of Court - Main Office** 540 SE 3rd Avenue, Midrise Building, 2nd Floor Fort Lauderdale, FL 33301

within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to serve or file your defenses or a motion to dismiss, a default will be entered against you for the relief demanded in the Complaint.

DATED on: _____ NOV 04 2025 _____, ____

**(OFFICIAL CLERK SEAL)**
**BRENDA FORMAN** *Clerk of the Circuit Court* Broward County, Florida
By: Deputy Clerk

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/31/2025 12:22:09 PM.****

Filing # 234886617 E-Filed 10/31/2025 12:22:09 PM

# In the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida

**Case No.:** CACE-25-016192

**Plaintiff:**

**STEVEN HELFAND, PRO SE** *Primary Address for Service:* SHAC - Attn: Guest Steven Helfand (Bunk 2) 2056 Scott Street Hollywood, Florida 33020 *Contact:* Newimage2025z@icloud.com / 754-257-8945 / 786-580-6821

-vs-

**Defendant: MIDLAND FUNDING LLC**

*Address for Service (Registered Agent):* **MIDLAND CREDIT MANAGEMENT, INC., 13008 TELECOM DRIVE, SUITE 350, TAMPA, FL 33637**

**THE STATE OF FLORIDA**

**TO THE DEFENDANT, MIDLAND FUNDING LLC**

**YOU ARE HEREBY NOTIFIED** that an action has been commenced against you in this court by the above-named Plaintiff(s) to recover upon the claim(s) detailed in the Complaint, a copy of which is attached to this summons.

You are required to serve a copy of your written defenses, if any, to it on the Plaintiff, whose name and address are: **STEVEN HELFAND, PRO SE, 2056 Scott Street, Hollywood, Florida 33020**, and file the original of the defenses with the Clerk of this Court, which is located at:
**Broward County Clerk of Court - Main Office** 540 SE 3rd Avenue, Midrise Building, 2nd Floor Fort Lauderdale, FL 33301

within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to serve or file your defenses or a motion to dismiss, a default will be entered against you for the relief demanded in the Complaint.

DATED on: ____   NOV 04 2025

**(OFFICIAL CLERK SEAL)**
**BRENDA FORMAN** *Clerk of the Circuit Court* Broward County, Florida
By: Deputy Clerk

BRENDA D. FORMAN

Case Number: CACE-25-016192 Division: 05
Filing # 234329336 E-Filed 10/23/2025 02:26:43 PM

CIRCUIT IN AND FOR **Broward** 17th COUNTY, FLORIDA

Steven Helfand
Plaintiff/Petitioner or In the Interest of

vs.

Citibank, N..A, et al.
Defendant//Respondent

CASE NO._____

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

1. I have **0** dependents. (Include only those persons you list on your U.S. Income tax return.)
Notice to Applicant: If you qualify for civil indigence, the filing and summons fees are waived, other costs and fees are not
Are you married? Yes / No    Does your spouse work? Yes / No    Annual Spouse Income $_____

2. I have a net income of $ **0.00** paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly ( ) yearly ( ) other **No Income - Zero**.
(Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court-ordered payments such as child support.)

3. I have other income paid ( ) weekly ( ) every two weeks ( ) semi-monthly (✓) monthly ( ) yearly ( ) other **$292 per month: Snap**
(Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")

| | | | | | |
|---|---|---|---|---|---|
| Second Job | Yes $ 0 | No | Veterans' benefits | Yes $ 0 | No |
| Social Security benefits | | | Workers compensation | Yes $ 0 | No |
| For you | Yes $ 0 | No | Income from absent family members | Yes $ 0 | No |
| For child(ren) | Yes $ 0.00 | No | Stocks/bonds | Yes $ 0 | No |
| Unemployment compensation | Yes $ 0 | No | Rental income | Yes $ 0 | No |
| Union payments | Yes $ 0 | No | Dividends or interest | Yes $ 0 | No |
| Retirement/pensions | Yes $ 0 | No | Other kinds of income not on the list | **YES $ 292 SNAP** | No |
| Trusts | Yes $ 0.00 | No | Gifts | Yes $ 0 | No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. I have other assets: (Circle "yes" and fill in the value of the property, otherwise circle "No")

| | | | | | |
|---|---|---|---|---|---|
| Cash | Yes $ 0 | No | Savings account | Yes $ 0 | No |
| Bank account(s) | **Yes $ 1.00** | No | Stocks/bonds | Yes $ 0 | No |
| Certificates of deposit or Money market accounts | Yes $ 0 | No | Homestead Real Property* | Yes $ 0 | No |
| | | | Motor Vehicle* | Yes $ 0 | No |
| Boats* | Yes $ 0 | No | Non-homestead real property/real estate* | Yes $ 0 | No |
| | | | Other assets* | Yes $ 0 | No |

Check one: (✓) DO ( ) DO NOT expect to receive more assets in the near future. The asset is **1,000.00 check from insurance**.

5. I have total liabilities and debts of $ **445,000.00** as follows: Motor Vehicle $ **0.00**, Home $ **0**, Boat $ **0**, Non-homestead Real Property $ **0.00**, Child Support paid direct $ **0.00**, Credit Cards $ **45,000.00**, Medical Bills $ **100,000.00**, Cost of medicines (monthly) $ **0.00**, Other $ **IRS: $300,000.00**

6. I have a private lawyer in this case.........___Yes **X** No

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information I have provided on this application is true and accurate to the best of my knowledge.

Signed on **October 19**, 20 **25**.

**1971**    **200-0**
Year of Birth    Last 4 digits of Driver License or ID Number
Email address: **Newimage2025z@icloud.com**

Signature of Applicant for Indigent Status
Print Full Legal Name **Steven Helfand**
Phone Number/s: **754-257-8945 / 786-580-6821**

SHAC: Attn Guest: Steven Helfand, 2050 Scott Street, Hollywood, Fl 33020: Homeless Shelter, the caring place
Address: Street, City, State, Zip Code

This form was completed with the assistance of: _____
Clerk/Deputy Clerk/Other authorized person.

---

CLERK'S DETERMINATION **indigent**
Based on the information in this Application, I have determined the applicant to be (✓) Indigent ( ) Not Indigent, according to s. 57.082, F.S.
Dated on _____ **OCT 23 2025**
Clerk of the Circuit Court
By _____ Deputy Clerk

APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.
Sign here if you want the judge to review the clerk's decision _____

07/01/2014 upd 7-20-18   ****FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/23/2025 02:26:43 PM.****

Filing # 234329336 E-Filed 10/23/2025 02:26:43 PM

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

<u>steven helfand</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>CITIBANK, N.A.</u>
Defendant

## II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☒ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

## III. TYPE OF CASE

(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions

- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☐ Other
    - ☐ Antitrust/Trade regulation
    - ☐ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☐ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COUNTY CIVIL**

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

  <u>5</u>

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ steven helfand</u>      Fla. Bar #
    Attorney or party          (Bar # if attorney)

<u>steven helfand</u>          <u>10/23/2025</u>
(type or print name)          Date

Filing # 234329336 E-Filed 10/23/2025 02:26:43 PM

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

STEVEN HELFAND Plaintiff,

v.

CITIBANK, N.A., and CITIGROUP INC., a New York corporation doing business as a chartered national association bank, and MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation, and MIDLAND FUNDING LLC, a Delaware limited liability company, Defendants.

Case No.: [To be assigned by the Clerk] Jury Trial Demanded

## COMPLAINT FOR DAMAGES

The Plaintiff, STEVEN HELFAND, sues the Defendants, CITIBANK, N.A., CITIGROUP INC., MIDLAND CREDIT MANAGEMENT, INC., and MIDLAND FUNDING LLC, and alleges:

## I. JURISDICTION AND PARTIES

1. This is an action for damages in excess of thirty thousand dollars ($30,000.00), exclusive of interest and costs, properly brought in the Circuit Court.

2. The action arises in Broward County, Florida, where Plaintiff resides and where the Defendants conduct business, making venue proper in the **Seventeenth Judicial Circuit.**

Complaint 1

3. Plaintiff STEVEN HELFAND is an adult individual residing in Broward County, Florida.

4. Defendant **CITIBANK, N.A.** is a national banking association and a "creditor" under the relevant federal and state statutes, named herein as the original creditor and subsidiary entity.

5. Defendant **CITIGROUP INC.** is a New York corporation, authorized to transact business in Florida, and is the parent company and alter ego of Citibank, N.A. Service of process may be made upon its registered agent, **C T CORPORATION SYSTEM, at 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

6. Defendant **MIDLAND CREDIT MANAGEMENT, INC.** is a foreign profit corporation from Kansas and a "debt collector" under the relevant statutes, conducting business in Florida. Service of process may be made upon its registered agent, **MIDLAND FUNDING LLC, at 13008 TELECOM DRIVE STE 350, TAMPA, FL 33637.**

7. Defendant **MIDLAND FUNDING LLC** is a Delaware limited liability company that often acts as the debt buyer and is the registered agent for Midland Credit Management, Inc. It is named herein in its capacity as the debt owner and debt collector.

## II. FACTUAL ALLEGATIONS (General)

8. Plaintiff maintained a credit card account with Citibank, No. XXXX-XXXX-XXXX-3252.

9. Beginning in [General Starting Period, e.g., May 2024], unauthorized, fraudulent, and erroneous charges appeared on the account, which Plaintiff promptly disputed in writing, thereby triggering the duties of **Citigroup Inc. d/b/a Citibank, N.A.** under the FCBA.

10. Despite timely and detailed written disputes, including notification of a critical address error that led to mail failure, **Citigroup Inc. d/b/a Citibank, N.A.** failed to properly acknowledge and investigate the billing errors.

11. **Citigroup Inc. d/b/a Citibank, N.A.** subsequently transferred or sold the account to Midland while the amount was subject to an active and unresolved billing error dispute.

12. The Midland Defendants (Midland Credit Management, Inc. and Midland Funding LLC) then engaged in collection activities, including reporting the disputed balance to credit reporting agencies, despite having knowledge or constructive knowledge that the debt was disputed.

13. The actions of all Defendants directly caused Plaintiff financial injury, damage to his credit reputation, and severe emotional distress, which has significantly contributed to his current hardship and loss of housing.

## III. CAUSES OF ACTION

**COUNT I: Violation of the Fair Debt Collection Practices Act (FDCPA) against Midland Defendants**

14. Plaintiff realleges and incorporates by reference the preceding paragraphs.

15. The Midland Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

16. The Midland Defendants violated the FDCPA by attempting to collect a debt that was subject to an ongoing billing error dispute with the Original Creditor and by failing to accurately reflect the disputed status of the debt in its collection efforts and credit reporting, in violation of 15 U.S.C. § 1692e and § 1692f.

17. As a direct and proximate result of the Midland Defendants' violations, Plaintiff is entitled to actual damages and statutory damages not to exceed $1,000 pursuant to 15 U.S.C. § 1692k.

## COUNT II: Violation of the Fair Credit Billing Act (FCBA) against Citigroup Inc. (d/b/a Citibank, N.A.)

18. Plaintiff realleges and incorporates by reference the preceding paragraphs.

19. **Citigroup Inc. d/b/a Citibank, N.A.** is a "creditor" subject to the requirements of 15 U.S.C. § 1666 et seq.

20. **Citigroup Inc. d/b/a Citibank, N.A.** violated the FCBA by failing to acknowledge and resolve the Plaintiff's timely written notice of billing error, and by continuing to report the disputed debt as owed, in violation of 15 U.S.C. § 1666(a).

21. As a result of these violations, Plaintiff is entitled to a forfeiture of the amount of the billing error and damages pursuant to 15 U.S.C. § 1666(e).

## COUNT III: Violation of the Florida Consumer Collection Practices Act (FCCPA) against Midland Defendants

22. Plaintiff realleges and incorporates by reference the preceding paragraphs.

23. The Midland Defendants are persons collecting consumer debts subject to Chapter 559, Florida Statutes.
24. The Midland Defendants violated the FCCPA by attempting to enforce a debt when it knew or should have known the debt was not legitimate or was subject to a bona fide dispute, and by making false representations concerning the debt's status, in violation of **§ 559.72, Florida Statutes**.
25. As a direct and proximate result of the Midland Defendants' violations, Plaintiff is entitled to actual damages and statutory damages pursuant to § 559.77.

## COUNT IV: Negligence against Citigroup Inc. and Midland Defendants

26. Plaintiff realleges and incorporates by reference the preceding paragraphs.
27. Defendants owed a duty of care to Plaintiff to properly maintain accurate account records, investigate disputes in good faith, and comply with all federal and state laws governing credit and debt collection.
28. **Citigroup Inc. d/b/a Citibank, N.A.** breached this duty by failing to correct known address errors and failing to investigate a billing error. The Midland Defendants breached this duty by attempting to collect a disputed debt.
29. As a direct and proximate result of Defendants' breaches of duty, Plaintiff suffered damages, including severe emotional distress, damage to credit reputation, and financial hardship.

## COUNT V: Intentional Infliction of Emotional Distress (IIED) against Midland Defendants

30. Plaintiff realleges and incorporates by reference the preceding paragraphs.

31. The Midland Defendants' collection conduct, including reporting the debt as delinquent while under active dispute, failing to honor the cease-collection demand, and pursuing payment despite knowledge of the underlying fraud and Plaintiff's severe circumstances, was extreme and outrageous.

32. The Midland Defendants' conduct was performed intentionally or recklessly to inflict severe emotional distress, and Plaintiff has suffered severe emotional distress as a result of their conduct.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff STEVEN HELFAND demands judgment against Defendants, and each of them, and prays for the following relief:

A. **Actual Damages:** For all actual damages, including but not limited to, damages for emotional distress and financial losses.

B. **Statutory Damages:** For statutory damages as provided under the FDCPA and the FCCPA.

C. **FCBA Forfeiture:** For forfeiture of the billing error amount pursuant to 15 U.S.C. § 1666(e).

D. **Punitive Damages:** For punitive damages **upon proper motion and hearing** as provided by Florida law.

E. **Equitable Relief:** For a permanent injunction requiring removal of all negative reporting related to this account.

F. **Costs:** For the costs of this action.

**JURY TRIAL DEMANDED.**

Dated: October 22, 2025

**Respectfully submitted,**

*/s/ Steven Helfand/*

STEVEN HELFAND, PRO SE

Newimage2025z@icloud.com

Mobile: 754-257-8945

Mobile: 786-580-6821

Homeless Shelter Address:

SHAC - Attn: Guest Steven Helfand (Bunk 2)

2056 Scott Street

Hollywood, Florida 33020

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STEVEN HELFAND,   CASE NO. CACE-25-016192

    Plaintiff,

v.

CITIBANK, N.A. et al.,

    Defendant(s).

_____/

## NOTICE OF APPEARANCE OF AND EMAIL DESIGNATION

PLEASE TAKE NOTICE that Kingsley C. Nwamah, Esq. of Morgan, Lewis & Bockius LLP, hereby files this Notice of Appearance as counsel for defendant Citibank, N.A., erroneously sued as Citigroup, Inc., in this action, and requests that all papers filed with the Court in the above-captioned matter be served upon him at the address below.

Pursuant to Fla. R. Jud. Admin. 2.516, undersigned counsel hereby designates the following primary and secondary email addresses for email services in the above referenced action:

| | | |
|---|---|---|
| Kingsley C. Nwamah | primary email | kingsley.nwamah@morganlewis.com |
| Juana Beguiristain | secondary email: | juana.beguiristain@morganlewis.com |

DB1/ 164657953.1

Dated: December 2, 2025.

        */s/ Kingsley C. Nwamah*
Kingsley C. Nwamah
Florida Bar No. 011836
**MORGAN, LEWIS & BOCKIUS LLP**
600 Brickell Avenue
Suite 1600
Miami, FL  33131-3075
Telephone:  305.415.3000
Fax: 305.415.3001
Primary E-Mail:
kingsley.nwamah@morganlewis.com
Secondary E-Mail:
juana.beguiristain@morganlewis.com

*Attorneys for Defendant*
*American Express National Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2025, a true and correct copy of the foregoing was filed using the Florida Courts E-Portal which will serve a copy by email pursuant to Fla. R. Jud. Admin. 2.526 on all counsel of record.

        */s/ Kingsley C. Nwamah*
Kingsley C. Nwamah

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STEVEN HELFAND,                                         CASE NO. CACE-25-016192

    Plaintiff,

v.

CITIBANK, N.A. et al.,

    Defendant(s).

_____/

**AGREED MOTION OF DEFENDANT CITIBANK, N.A.
FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

Pursuant to Florida Rules of Civil Procedure 1.090(b) and 1.140, and Florida Rule of Judicial Administration 2.514, defendant Citibank, N.A. ("Citibank"), erroneously sued as Citigroup, Inc., hereby moves for a 14-day extension of time, up to and including December 16, 2025, to respond to the complaint filed by plaintiff Steven Helfand ("Plaintiff"), and in support thereof states:

1. Plaintiff filed the Complaint on October 23, 2025, and served Citibank on November 12, 2025.

2. Citibank's deadline to respond to the Complaint is December 2, 2025.

3. Citibank files this Motion to respectfully request a 14-day extension of the response deadline in order to allow its counsel to complete their investigation into the allegations in the Complaint and to prepare Citibank's response thereto.

4. Counsel for Citibank conferred with Plaintiff and Plaintiff has agreed to the relief requested in this Motion.

5. This request is made in good faith and not for the purpose of delay.

DB1/ 164657932.1

WHEREFORE, Citibank respectfully requests that this Court extend its deadline to respond to the Complaint by fourteen (14) days, up to and including December 16, 2025, and for such other and further relief as this Court deems just and proper.

Dated: December 2, 2025.

/s/ Brian C. Frontino
Brian C. Frontino, Esq.
Florida Bar No. 95200
**MORGAN, LEWIS & BOCKIUS LLP**
600 Brickell Avenue
Suite 1600
Miami, FL  33131-3075
Telephone:  305.415.3000
Fax: 305.415.3001
Email: brian.frontino@morganlewis.com

*Attorneys for Defendant
Citibank N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2025, a true and correct copy of the foregoing was filed using the Florida Courts E-Portal which will serve a copy by email on Plaintiff at the address below:

Steven Helfand
Attn: Guest Steven Helfand (Bunk 2)
2056 Scott Street
Hollywood, Florida 33020
Newimage2025z@icloud.com

/s/ Brian C. Frontino
Brian C. Frontino